**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSELYN LISETH LEMUS-QUINTEROS, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   19-71777 <br><br> Agency No. A205-639-856 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2021**

Before:  THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Joselyn Liseth Lemus-Quinteros, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

her motion to reopen and terminate removal proceedings.  Our jurisdiction is

governed by 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

motion to reopen and review de novo questions of law. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Lemus-Quinteros's motion to reopen and terminate removal proceedings where her challenge to the agency's jurisdiction under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("the lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over her case").

In light of this disposition, we lack jurisdiction to review the BIA's denial of sua sponte reopening, where Lemus-Quinteros has not raised a legal or constitutional error. *See Bonilla*, 840 F.3d at 588 ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

We lack jurisdiction to consider Lemus-Quinteros's contentions concerning timeliness, changed circumstances, and prima facie eligibility because she did not raise them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

19-71777

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry No. 1) is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

19-71777